THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL NO.  **SA 14 CA 1059** |
| THE UNITED STATES OF AMERICA, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Now comes, Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, hereinafter referred to as Plaintiff in the above styled and numbered cause, complaining of the UNITED STATES OF AMERICA, hereinafter referred to as Defendant, and for cause of action would respectfully show unto the Court the following:

### JURISDICTION

2. Jurisdiction in this case is founded on the Federal Tort Claims Act, and Title 28 U.S.C. §1346(b). The amount in controversy exceeds the sum of $100,000.00, exclusive of interest, costs, and attorney's fees.

### VENUE

3. Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, is a resident/citizen of Converse, Bexar County, Texas, within the San Antonio Division of the Western District of Texas.

4.     Each of the relevant acts complained of occurred at the Audie L. Murphy Memorial Veterans Hospital and Brooke Army Medical Center, located in Bexar County, Texas, within the San Antonio Division of the United States District Court for the Western District of Texas.

## ADMINISTRATIVE CLAIM

5.     Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, filed her two original Claim for Damage, Injury, or Death (Claim Form 95), with the Department of Veterans Affairs, on March 6, 2013. Subsequently, the Department of Veterans Affairs denied these claims, in writing, on September 5, 2013. Within six months, Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, filed a written Appeal and Request for Reconsideration of the Department of Veterans Affairs' denial of the Plaintiffs' Administrative Tort Claims, which were delivered to the Department of Veterans Affairs, on February 3, 2014. On September 12, 2014, the Department of Veterans Affairs again denied, in writing, the Plaintiffs' Appeal and Request for Reconsideration.

6.     On January 3, 2014, Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, filed her two original Claim for Damage, Injury, or Death (Claim Form 95), with the Department of the Army, which were received by the Department of the Army on January 9, 2014. The Department of the Army has not denied the Plaintiff's claims; however, the investigative six month period has expired as of July 9, 2014. Plaintiff has exhausted her administrative remedies against the Department of Veterans Affairs and the Department of the Army.

## SERVICE

7.     Service of Citation may be had upon the Defendant, UNITED STATES OF AMERICA, by serving its agent, Robert Pitman, United States Attorney for the Western District of Texas, at

his office located at 601 NW Loop 410, San Antonio, Bexar County, Texas 78216, and by sending a true and correct copy of this Complaint by Certified Mail, Return Receipt Requested, to The Honorable Eric Holder, Attorney General of the United States of America, The Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530.

## AGENCY

8.     The Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees of the Department of the Veterans Affairs and the Department of the Army, owns and operates the medical facilities located in San Antonio, Bexar County, Texas. Said facilities provides healthcare services for persons such as RALPH STEVEN DICKENSON, Deceased.

## FACTUAL BACKGROUND

9.     RALPH STEVEN DICKENSON was a 53-year-old male who was born on May 26, 1959, and who died on September 3, 2012. RALPH STEVEN DICKENSON had a long history of chronic obstructive pulmonary disease (COPD), neuropathy, and a seizure disorder. On June 14, 2001, RALPH STEVEN DICKENSON underwent a pulmonary function test, which revealed that his FEV1 was only 49% of the predicted value. The study was interpreted as showing a moderate obstruction and low vital capacity due to an airway restriction. In 2009, RALPH STEVEN DICKENSON was seen for dyspnea at rest and for a chronic cough and sputum production. His symptoms and a pulmonary function test were found to be consistent with COPD, and he was placed on medications. On May 17, 2011, RALPH STEVEN DICKENSON was admitted overnight for exacerbation of his COPD. He was subsequently discharged to home without supplemental oxygen or additional respiratory treatments. Nine days later, RALPH STEVEN DICKENSON was readmitted to the hospital on May 26, 2011, for fevers/sepsis. It was again noted that he had COPD, but no pulmonary function test data was available.

On September 5, 2011, RALPH STEVEN DICKENSON was again hospitalized for exacerbation of his COPD and for pneumonia. On May 8, 2012, RALPH STEVEN DICKENSON underwent a split night polysomnogram, and was found to meet the criteria to be placed on continuous positive airway pressure (CPAP) with a diagnostic AHI of 5.5. RALPH STEVEN DICKENSON had trouble utilizing the CPAP mask because he was claustrophobic. The respiratory technician performing a test understood that RALPH STEVEN DICKENSON was claustrophobic, and had a hard time with the mask, so she sent the CPAP mask home with RALPH STEVEN DICKENSON and instructed him to wear it during the day in order to become familiar with it. RALPH STEVEN DICKENSON became completely comfortable with the CPAP mask in a couple of weeks. On July 12, 2012, RALPH STEVEN DICKENSON was seen by the Neurology Service. At that time it was recommended that RALPH STEVEN DICKENSON obtain a dental device (TAP appliance) for obstruction sleep apnea (OSA), rather than a CPAP mask, since it was erroneously concluded that RALPH STEVEN DICKENSON could not tolerate the CPAP mask. On August 27, 2012, RALPH STEVEN DICKENSON was seen by the Dentistry, but was told he was not a good candidate for a TAP appliance. Seven days later, on September 3, 2012, RALPH STEVEN DICKENSON died at home in bed following a grand mal seizure. The cause of death was found on autopsy to be hypertensive and atherosclerotic cardiovascular disease.

## NEGLIGENT ACTS AND/OR OMISSIONS

10.     Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, would show that the Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees at Audie L. Murphy Memorial Veterans Hospital and Brooke Army Medical Center, was negligent in the healthcare and treatment provided to RALPH STEVEN DICKENSON, Deceased, and that such negligence

was a direct and proximate cause of the damages suffered by the Plaintiffs herein. Such negligent acts and/or omissions include, but are not limited to the following:

- A. Failing to timely and properly provide RALPH STEVEN DICKENSON with a CPAP device to assist in preventing his obstructive sleep apnea;

- B. Failing to properly identify and treat RALPH STEVEN DICKENSON's respiratory problems including his chronic obstructive pulmonary disease (COPD) and asthma; and

- C. Failing to act as physicians and healthcare providers of ordinary prudence would have acted under the same or similar circumstances.

**11.** Each and all of the above foregoing acts of the Defendant, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate cause of the injuries and damages sustained by the Plaintiffs herein.

## DAMAGES

**12.** Plaintiff, JUDY DICKENSON, in her individual capacity, would show that the negligent acts and/or omissions of the agents, servants, and/or employees of the Defendant, UNITED STATES OF AMERICA, were a direct and proximate cause of the injuries and damages resulting from the wrongful death of her husband, RALPH STEVEN DICKENSON. Plaintiff, JUDY DICKENSON, in her individual capacity seeks to recover her pecuniary loss, loss of companionship and society, mental anguish, loss of household services, loss of income and loss of inheritance in the past, and which, in reasonable probability she will sustain in the future, as allowed pursuant to provisions of the Texas Wrongful Death Statute.

**13.** Plaintiff, JUDY DICKENSON, as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, seeks to recover for his conscious physical pain and mental anguish between the onset of his respiratory difficulties and his wrongful death on September 3, 2012. Plaintiff, JUDY DICKENSON, Individually, and as Representative of the Estate of RALPH STEVEN DICKENSON, Deceased, also seeks to recover all medical and funeral expenses of

RALPH STEVEN DICKENSON, Deceased and any other damages as allowable pursuant to provisions of the Texas Survival Statute.

## DAMAGE LIMITATIONS

14. Plaintiff believes and alleges that the damages caused by the Defendant, UNITED STATES OF AMERICA's, acts of omission and/or commission have injured the Plaintiff in an amount within the jurisdictional limits of this Court.

15. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant herein be duly cited to appear and answer herein, and that upon final hearing of this suit, Plaintiff has and recover a judgment from the Defendant in an amount within the jurisdictional limits of this Court, together with post-judgment interest as allowed by law, plus reasonable costs of Court, and for such other and further relief, both general and special, in law and equity, to which the Plaintiff may show herself to be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF JEFFREY C. ANDERSON
9601 McAllister Freeway, Suite 1250
San Antonio, Texas 78216
(210) 340-8880
(210) 340-8885 (FAX)

BY: _____
JEFFREY C. ANDERSON
STATE BAR NO. 01190500
jca@texaslawfirm.com

ATTORNEY FOR PLAINTIFF